No. 9280. STATE OF MONTANA, ex rel, JAMES ZUM-WALT, RELATOR, *v.* THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT of the State of Montana, in and for the County of Missoula, RESPONDENT.

258 Pac. (2d) 749.

Decided July 2, 1953.

*James Zumwalt,* pro se.

Per Curiam.

The relator James Zumwalt, an inmate of the State Prison there committed on June 24, 1952, to serve a term of 7 years following his conviction of unlawfully issuing and uttering a false and worthless check in the amount of $65 complains that the district court of Missoula county committed error in denying relator's petition for a writ of error coram nobis.

Relator's petition now before this court represents that at a hearing had before the district court of Missoula county on his

application for the writ, that considerable evidence was introduced tending to show that at the time of his arrest and arraignment on the charge of which he was convicted, that relator was then so intoxicated that he was devoid of reason and understanding and that at no time does he recall being asked if he desired counsel to represent him and that he had no counsel in the proceedings taken against him.

Relator further represents that in the proceedings had before the district court immediately preceding his conviction that much inadmissible and highly prejudicial evidence was introduced against him; that at the hearing before the district court on relator's petition to that court for a writ that much evidence was introduced in relator's behalf, and after hearing same the district judge "did agree and otherwise assert himself on the fact that relator's arrest and subsequent conviction was conducted in a most irregular manner," but that nothwithstanding such fact, said district judge denied relator's petition for a writ of error coram nobis.

The petition filed in this court is duly verified by the relator but we have not been furnished with any transcript of the proceedings had before the district court at the time of relator's arraignment, conviction and sentence or the proceedings subsequently had on relator's petition to the district court for a writ of coram nobis.

The presumption is that the proceedings in the district court were regular and that the trial judge followed the law. The burden is upon the relator who charges prejudicial error to supply proof of such error and this he has failed to do. Accordingly this proceeding is ordered dismissed.